2006 VT 3

In re Anne Roberts MARDEN MOSMAN COVE IRREVOCABLE TRUST

[893 A.2d 344]

No. 04-475

¶ 1. January 6, 2006. This appeal concerns the disposition of a family trust entitled the Anne Roberts Marden Mosman Cove Irrevocable Trust ("Trust"). Appellant Anne Roberts Marden is settlor of the Trust and mother of the appellees, Elliot Davis and George Davis, Jr., who are trustees. The Trust's only asset is a parcel of real estate located in Ferrisburgh, Vermont; specifically, at Mosman Cove on Lake Champlain. In October 2003, after funds to pay property taxes and expenses ran low, appellees brought an action to modify the provision in the trust that disallowed sale of the property prior to 2024. Appellant opposed the modification request and submitted counterclaims. The parties eventually stipulated to sell the Trust's property, but continued to dispute entitlement to the proceeds of the sale. After a bench trial, the trial court ruled in favor of appellees. On appeal, appellant contends that the court erred in finding that the primary purpose of the Trust was to preserve the Trust assets for use of the three named beneficiaries (three of appellant's five sons) and

their children, and in not finding that the Trust had failed so that the sale proceeds would revert to her, the settlor. We affirm.

¶ 2. We review a trial court's findings only to ensure that any credible evidence fairly and reasonably supports them, and we set them aside only when they are clearly erroneous. *Simendinger v. City of Barre*, 171 Vt. 648, 649, 770 A.2d 888, 890-91 (2001) (mem.). We uphold conclusions of law if they are reasonably supported by the findings. *Goodrich v. U.S. Fid. & Guar. Co.*, 152 Vt. 590, 596, 568 A.2d 385, 389 (1989).

¶ 3. The trial court found that appellant created an irrevocable family trust, the only asset of which was the Mosman Cove Property, and that the property was not to be sold until March 17, 2024. The provision regarding irrevocability delineated that appellant "shall not have any right at any time to withdraw any of the property held hereunder or to revoke, annul or cancel the trusts created hereunder in whole or in part or to alter, amend or modify this Agreement in any respect." Upon termination, any remaining assets in the Trust would be distributed in three equal shares to the beneficiary sons or their respective "bloodline issue." The document also contained the following paragraph:

> *Intent.* It is the Grantor's intent in establishing this Trust, to provide her sons and their issue with a pleasant, restful, refreshing, healthy and revitalizing experience available throughout each year, to provide the financial resources and *structure to maintain trust as*sets, to avoid unnecessary family discord and disagreements, and to strengthen and invigorate the Roberts family's loyalty and fellowship, as well as affection among all of her descendants.

¶ 4. Based on the trust language and parol evidence,* the court held that the purposes of the Trust went beyond the stated "intent" paragraph in the trust document, and that the "primary goal" was "to preserve assets for the use of Marden's three named sons and their children." The court also found that the Trust's purposes included securing tax savings, shielding appellant's assets from creditors, and protecting appellant's assets to be passed on to children and grandchildren. Because the primary goal of the Trust could still be satisfied, the court ordered that the income from the property sale replace the property as the trust asset and that the trustees manage and distribute the cash assets pursuant to the Trust terms.

¶ 5. Appellant first argues that the trial court erred in determining the primary purpose of the Trust, which she asserts was contained in the written "intent" provision. We find no error. In determining the purpose of the Trust, we do not examine only the paragraph labeled "intent"; in fact, we are bound to examine the entirety of the document. *Proctor v. Woodhouse*, 127 Vt. 148, 154, 241 A.2d 785, 789 (1968) (to determine intent, court looks to entire document and does not take words out of context). Notwithstanding the "intent" paragraph, the Trust is irrevocable in its own terms, grants the use of the property only to the three named sons and their issue, and provides that, upon termination, trust assets be divided into equal shares for those beneficiaries. We find no error in the trial court's determination that the Trust's primary purpose is to preserve assets for the beneficiaries.

¶ 6. Appellant also argues that, because the property needed to be sold, the purpose of the Trust became impossible to fulfill so the Trust must be terminated, and that the Trust failed so proper disposition of the sale proceeds is a resulting trust for appellant. It is true that if it becomes impossible to carry out all of the purposes of a trust, the trust should be terminated. Restatement (Third) of Trusts § 30, cmt. a (2003). But where other trust purposes can still be fulfilled, the proper course of action is to modify the trust terms to accomplish those remaining purposes. *Id.* §§ 30, cmt. a, 66, cmt. c. Also, this Trust has not failed. A trust fails when the settlor "has not made full and complete disposition of all of the present and future beneficial rights in the property transferred to the trustee." *Id.* § 8, cmt. b. In such a case, the trustees hold the assets in a resulting trust for the settlor. *Id.* This rule is typically concerned with structural problems, often regarding the beneficiary, such as when a beneficiary is not named, is non-existent, is incapable of taking, or disclaims. *Id.* The rule also applies when "the purpose or purposes of a properly established trust may be fully accomplished without exhausting the trust property." *Id.* No such circumstances exist here. The failure to achieve a purpose of a trust is not a failure of the trust itself. The trial court held that the primary goal of the Trust, preservation of assets for the beneficiaries, could still be fulfilled, and substitution of the sale proceeds for the Mosman Cove property was proper. *Indus. Nat'l Bank of Providence v. Colt*, 233 A.2d 112, 117-19 (R.I. 1967) (finding, where trust term provided that

---

* Appellant objects to the use of parol evidence here, but neither party objected to admission of such evidence at trial. Although the trial court initially ruled that the document was ambiguous as to the trust purpose and so took parol evidence on the issue, it also noted that, even disregarding all parol evidence, it would reach the same conclusion based solely on the express trust terms regarding distribution of assets.

trust real property was not to be sold but real property was condemned, that intent was to provide for welfare of named beneficiaries and substituted condemnation proceeds for real property as trust res; trust did not fail and give rise to resulting trust).

*Affirmed.*